IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-02-CR-0328-R |
| | § | NO. 3-05-CV-1453-R |
| DAVID RAY WALLACE | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant David Ray Wallace, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255.  For the reasons stated herein, the motion should be denied.

I.

A jury convicted defendant of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1).  Punishment was assessed at 293 months confinement followed by supervised release for a period of five years.  His conviction and sentence were affirmed on direct appeal.  *United States v. Wallace*, 92 Fed.Appx. 985, 2004 WL 759536 (5th Cir. Apr. 8, 2004), *cert. denied*, 125 S.Ct. 164 (2004).  Defendant now seeks post-conviction relief.

II.

In four grounds for relief, defendant contends that:  (1) the prosecutor failed to disclose evidence favorable to the defense; (2) the trial judge was not mentally competent to preside over his case; (3) he received ineffective assistance of counsel; and (4) his sentence enhancement violated due process and the Sixth Amendment right to trial by jury.

A.

Post-conviction relief under section 2255 is generally limited to constitutional issues which could not have been raised on direct appeal and would, if ignored, result in a complete miscarriage of justice. *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991), *cert. denied*, 112 S.Ct. 978 (1992) ("[A] collateral challenge may not do service for an appeal."). In order to raise an issue for the first time on collateral review, a defendant must show "cause" for his procedural default and "actual prejudice" resulting from the error. *United States v. Frady*, 456 U.S. 152, 167-68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). A defendant must satisfy this test even if he alleges fundamental constitutional error. *Murray v. Carrier*, 477 U.S. 478, 493-95, 106 S.Ct. 2639, 2648-49, 91 L.Ed.2d 397 (1986). The failure to establish either "cause" or "actual prejudice" forecloses collateral relief. *Frady*, 102 S.Ct. at 1594. The only recognized exception to this rule is in "extraordinary cases" where "a constitutional violation has probably resulted in the conviction of one who is actually innocent[.]" *Shaid*, 937 F.2d at 231, *quoting Murray*, 106 S.Ct. at 2649.

Three of the claims raised by defendant in his section 2255 could have been presented on direct appeal: (1) the government failed to disclose evidence favorable to the defense; (2) the trial judge was not mentally competent; and (3) his sentence enhancement violated due process. With respect to his due process claim, defendant does not allege the presence of some objective factor external to the defense or the unavailability of a factual or legal basis to appeal his conviction on that ground. Therefore, he has not established "cause" for his procedural default. *See United States v. Guerra*, 94 F.3d 989, 993 (5th Cir. 1996). Defendant maintains the other claims were not raised on appeal because his attorney determined they were more appropriate for a section 2255 motion. (Def. Reply, Exh. A). Assuming *arguendo* that this explanation constitutes adequate "cause," defendant

cannot show "actual prejudice" resulting from the failure to disclose favorable evidence or the mental condition of the trial judge.

1.

Defendant complains that the prosecutor failed to produce a pair of sweatpants he was wearing at the time of his arrest. According to defendant, the sweatpants had no pockets, which was material to the credibility of a key witness who testified at the suppression hearing. At the hearing, Mesquite Police Officer Janelle Bartlett testified that she received a citizen complaint that a suspicious person was loitering in a residential neighborhood. (Supp. Hrg. Tr. at 58-59). When she arrived at the scene, Bartlett encountered defendant and determined he had a lengthy criminal history. (*Id.* at 60-64). However, there were no outstanding warrants or other grounds to arrest him. (*Id.* at 65). Bartlett offered defendant a ride back to his hotel, but asked for permission to conduct a patdown search. Defendant allegedly consented. (*Id.* at 65-66). While conducting the search, Bartlett said that she recovered a small knife from the front pocket of defendant's pants and a .38 caliber snub nose revolver from his waistband. (*Id.* at 66-67). Defendant disputes that he consented to a search of his person. He also insists that the sweatpants he was wearing did not have any pockets, which suggests that Bartlett was lying about the knife. If defendant can impeach Bartlett's testimony in this regard, he believes that her testimony about obtaining his consent for the search also is suspect.

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), the Supreme Court held that the suppression of evidence favorable to the defense violates due process when the evidence is material to either guilt or punishment. *Id.*, 83 S.Ct. at 1196-97. Even if the sweatpants worn by defendant at the time of his arrest did not have pockets, such evidence was not material. Defendant was not charged with any crime involving the knife allegedly recovered from his pants

pocket. Rather, he was prosecuted for unlawful possession of the firearm recovered from his waistband. Whether the sweatpants had pockets was not material to the gun charge. *See Kyles v. Whitley*, 514 U.S. 419, 433-34, 115 S.Ct. 1555, 1565, 131 L.Ed.2d 490 (1995) (favorable evidence is material "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different").

Moreover, "when the information is fully available to the defendant and his reason for not obtaining and presenting the information is his lack of reasonable diligence, the defendant has no claim under *Brady*." *Mattheson v. King*, 751 F.2d 1432, 1444 (5th Cir. 1985), *cert. dism'd*, 106 S.Ct. 1798 (1986). Such is the case here. Presumably, defendant knew that the police confiscated his sweatpants. Under those circumstances, there is no *Brady* violation. *Sims v. Dretke*, No. 3-03-CV-1618-P, 2003 WL 22862795 at *4 (N.D. Tex. Dec. 2, 2003) (Kaplan, J.), *rec. adopted*, 2003 WL 23119161 (N.D. Tex. Dec. 30, 2003).

2.

Defendant further contends that the trial judge was in ill health and inattentive during the suppression hearing and jury selection. In support of this claim, defendant relies on published newspaper reports of the judge's medical problems and record excerpts from the suppression hearing and voir dire. The court initially observes that the unfortunate health problems experienced by the judge occurred in May 2003--three months after the trial concluded.[1] There is no absolutely evidence that the judge was mentally or physically incapacitated during the suppression hearing, jury selection, or trial. In addition, the Fifth Circuit reviewed the transcript of the suppression hearing and determined that the evidence supported a finding that defendant consented to a search of his

---

[1] Defendant was sentenced by another judge in May 2003.

person. *Wallace*, 92 Fed.Appx. at 985. That finding negates any claim of prejudice due to the mental condition of the trial judge.

B.

Defendant maintains that he received ineffective assistance of counsel because his court-appointed lawyer: (1) never asked the prosecutor to produce the sweatpants; (2) failed to challenge the mental condition of the trial judge; and (3) did not object to two predicate offenses listed in the presentence report on double jeopardy grounds.

1.

The Sixth Amendment to the United States Constitution guarantees a defendant reasonably effective assistance of counsel at all critical stages of a criminal proceeding. *See Cuyler v. Sullivan*, 446 U.S. 335, 344, 100 S.Ct. 1708, 1716, 64 L.Ed.2d 333 (1980). That right is denied when the performance of counsel falls below an objective standard of reasonable professional assistance and thereby prejudices the defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). Prejudice results when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2068. *See also Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993) (habeas petitioner must show that trial result was fundamentally unreliable or proceeding fundamentally unfair due to deficient performance of counsel).

2.

The court previously determined that the sweatpants worn by defendant were not material evidence and there was no reason to believe that the trial judge was incapacitated during the suppression hearing or jury selection. Therefore, counsel was not required to object on those grounds.

Nor was counsel ineffective for failing to object to certain predicate offenses listed in the presence report. At sentencing, defendant sought permission to represent himself "and raise my own objections to the PSR." (Sent. Hrg. Tr. at 2-3). After admonishing defendant of the pitfalls of self-representation, the court granted his motion and excused defense counsel from any further obligations in the case. (*Id.* at 4). Defendant then made numerous objections to the presentence report. Among those objections were that two offenses committed in 1993--one robbery and one theft--involved the same victim and should be treated as one offense under the double jeopardy clause. (*See id.* at 5-6). His objections were overruled and the trial court sentenced defendant as an armed career criminal under 18 U.S.C. § 924(e).[2] (*Id.* at 9-10). Because defendant represented himself at sentencing and was allowed to make any objections to the presentence report, he cannot demonstrate prejudice under *Strickland*.

C.

Finally, defendant contends that his sentence enhancement is unconstitutional. In *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), a majority of the Supreme Court held that an enhanced sentence imposed by a judge under the Washington Sentencing Reform Act, which was based on facts neither admitted by the defendant nor found by a jury, violated the Sixth Amendment to the United States Constitution. *Blakely*, 124 S.Ct. at 2538. The Court subsequently extended its holding in *Blakely* to invalidate the mandatory nature of the federal

---

[2] Section 924(e) provides, in pertinent part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . .

18 U.S.C. § 924(e)(1).

sentencing guidelines. *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 759, 160 L.Ed.2d 621 (2005). However, *Booker* does not apply retroactively to cases on collateral review. *Id.*, 125 S.Ct. at 769 (Breyer, J.), *citing Griffith v. Kentucky*, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987) (holding that decision applies "to all cases on *direct review*") (emphasis added); *In re Elwood*, 408 F.3d 211, 213 (5th Cir. 2005) (citing cases) (holding that *Booker* is not applicable to cases already final). Consequently, defendant is not entitled to post-conviction relief on this ground.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside his sentence should be denied.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 19, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE