IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| V. | § | No. 3:02-cr-328-G |
| DAVID RAY WALLACE, | § § | |
| Defendant. | § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Defendant David Ray Wallace has filed a Federal Rule of Civil Procedure 60(b) motion for relief from the Court's judgment denying his motion to correct, vacate, or set aside sentence pursuant to 28 U.S.C. § 2255 in *Wallace v. United States*, No. 3:05-cv-1453-G. *See* Dkt. No. 112. The motion was referred to the undersigned magistrate judge for hearing, if necessary, and recommendation. *See* Dkt. No. 113. For the reasons stated herein, Defendant's pleading should be construed as a successive Section 2255, opened as a separate civil case, and transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

**Background**

In 2003, Defendant was convicted of unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g) & 924(e). Because of Defendant's status as an armed career criminal, punishment was assessed at 293 months confinement, followed by supervised release for a period of five years. His conviction and sentence were affirmed on direct appeal. *See United States v. Wallace,* 92 F. App'x 985 (5th Cir. 2004), *cert. denied,* 125

S. Ct. 164 (2004). Defendant also filed two motions for post-conviction relief pursuant to 28 U.S.C. § 2255. The first motion was denied on the merits. *See United States v. Wallace,* No. 3:05-cv-1453-R (N.D. Tex. Nov. 9, 2005), *COA denied,* No. 05-11451 (5th Cir. Nov. 22, 2006). The second motion was transferred by this Court to the United States Court of Appeals for the Fifth Circuit, *see Wallace v. United States,* No. 3:07-cv-177-R, 2007 WL 708868 (N.D. Tex. Mar. 8, 2007), where it was later withdrawn at Defendant's request, *see In re Wallace,* No. 07-10288 (5th Cir. Apr. 9, 2007).

Defendant then sought relief under Federal Rule of Criminal Procedure 35(a) and through a writ of error *coram nobis* on the grounds that his sentence is improper and he was denied effective assistance of counsel. *See* Dkt. No. 90. That motion was treated as a motion to correct, vacate, or set aside sentence, opened as a new civil matter, *Wallace v. United States*, No. 3:12-cv-3552-G, and transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action. *See United States v. Wallace*, No. 3:02-cr-328-G, 2012 WL 3758233 (N.D. Tex. Aug. 6, 2012), *rec. adopted*, 2012 WL 3758438 (N.D. Tex. Aug. 30, 2012), *COA denied,* No. 12-10970 (5th Cir. Apr. 23, 2013). The Court of Appeals denied Defendant authorization to file a successive Section 2255 motion. *United States v. Wallace,* No. 12-10895 (5th Cir. Oct. 17, 2012).

Now, Defendant has filed a Rule 60(b) Motion for Relief From Judgment, in which he contends that "his prior § 2255 motion was misconstrued and misinterpreted and thus relief from judgment is warranted to 'open the way for further proceedings.'" Dkt. No. 112 at 5. Specifically, Defendant urges that the Court erred in denying his first motion to correct, vacate, or set aside sentence in 2005 because (1) he does not

have three prior convictions that qualify him for armed career criminal status and (2) he did not knowingly and intelligently waive his right to counsel. *See id.*

## Legal Standards

Federal Rule of Civil Procedure 60(b) provides that the Court "may relieve a party or its legal representative from a final judgment, order, or proceeding" for any one of certain enumerated grounds, including mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud by an opposing party, void judgment, release and satisfaction, or "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1)-(6). But the Court is not permitted to consider a Rule 60(b) motion that presents a successive habeas petition within the meaning of *Gonzalez v. Crosby,* 545 U.S. 524 (2005). *See United States v. Hernandes*, 708 F.3d 680, 681 (5th Cir. 2013). That is, "where a Rule 60(b) motion advances one or more substantive claims, as opposed to a merely procedural claim, the motion should be construed as a successive § 2255 motion." *Id.* at 681 (citing *Gonzalez,* 545 U.S. at 532 & n.4 & *United States v. Williams,* 274 F. App'x 346, 347 (5th Cir. 2008) (applying *Gonzalez* to Section 2255 motions)). A movant is not permitted to proceed in this Court with a Rule 60(b) motion that is no more than a successive "'§ 2255 motion in disguise.'" *Id.* at 682 (quoting *United States v. Washington,* 653 F.3d 1057, 1065 (9th Cir. 2011)).

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which an individual may file a second or successive motion for post-conviction relief. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub. L. 104-132, 110 Stat. 1214 (1996). In order to file a second or successive Section

2255 motion, a movant must show that the motion is based on:

(1)   newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [him] guilty of the offense; or

(2)   a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). That determination must be made by a three-judge panel of the Court of Appeals before Petitioner files his motion in district court. *See id.* §§ 2244(b)(3), 2255(h).

## Analysis

Defendant asserts substantive claims to challenge his underlying federal conviction. That is, he urges that collateral relief should have been granted because he should not have been sentenced as an armed career criminal and that he did not knowingly and intelligently waive his right to counsel in his underlying case. *See* Dkt. No. 112. Those claims seek relief based on alleged errors that occurred at trial or sentencing and must therefore be construed as arising under 28 U.S.C. § 2255. *See Tolliver v. Dobre,* 211 F.3d 876, 877-78 (5th Cir. 2000); *Gonzalez,* 545 U.S. at 532.

The Court of Appeals has not issued an order authorizing this Court to consider a successive Section 2255 motion. Defendant must obtain such an order before another motion for post-conviction relief may be filed. Accordingly, this motion should be transferred to the United States Court of Appeals for the Fifth Circuit. *See Henderson v. Haro,* 282 F.3d 862, 864 (5th Cir. 2002); *see also In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997) (adopting procedure to be used when a district court transfers to the Court

of Appeals a successive Section 2254 motion from a state prisoner); *United States v. Zapata-Rodriguez,* No. 3:93-cr-285-L, 2010 WL 3927876 (N.D. Tex. Sept. 16, 2010), *rec. adopted*, 2010 WL 3928069 (N.D. Tex. Oct. 5, 2010).

## Recommendation

Defendant's Rule 60(b) motion [Dkt. No. 112] should be construed as an unauthorized successive 28 U.S.C. § 2255 motion. The Court should direct the District Clerk's Office to open a new civil action (nature of suit: 510), assign the case to Senior District Judge A. Joe Fish and Magistrate Judge David L. Horan, and file the motion in that action. The Clerk's Office should directed to terminate the motion [Dkt. No. 112] in the criminal case, and the successive 28 U.S.C. § 2255 motion should be transferred to the United States Court of Appeals for the Fifth Circuit for appropriate action.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal

conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: August 19, 2014

                                              DAVID L. HORAN
                                              UNITED STATES MAGISTRATE JUDGE