IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | No. 3:02-cr-00328-G-1 |
| | § | |
| DAVID RAY WALLACE, | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Defendant David Ray Wallace, a federal prisoner, filed a *pro se* motion seeking a recommendation that the Bureau of Prisons designate the Texas Department of Criminal Justice (TDCJ) facility where he was incarcerated as the place where he would also serve his federal sentence, so that his state and federal sentences run concurrently. (ECF No. 123.) The District Court referred the motion to the United States magistrate judge pursuant to 28 U.S.C. § 636(b). For the following reasons, the Court should deny Wallace's motion.

I.

On August 21, 2002, Mesquite Police arrested Wallace and charged him with unlawful possession of a firearm by a felon in violation of state law. PSR ¶ 2. He remained in state custody until November 8, 2002, when he was

1

indicted by a federal grand jury and transferred to federal custody under a writ of habeas corpus ad prosequendum. PSR ¶ 2.

On January 29, 2003, a federal jury found Wallace guilty of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). PSR ¶ 5. On May 27, 2003, the District Court sentenced him to 293 months' imprisonment. (ECF No. 49.) Thereafter, he was returned to state custody. His federal conviction and sentence were affirmed on appeal. *United States v. Wallace*, 92 F. App'x 985 (5th Cir. Apr. 8, 2004). And the Court denied his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.

Wallace's state charge for unlawful possession of a firearm by a felon was dismissed. (ECF No. 125 at 2; ECF No. 131 at 2.) However, he had prior state charges for theft and possession of a controlled substance, for which he received a sentence of deferred adjudication probation. (ECF No. 125 at 2; ECF No. 131 at 2.) The prior state charges were adjudicated, his probation was revoked, and he was sentenced to eight years for his probation violation. (ECF No. 125 at 2; ECF No. 131 at 2.) Wallace served his state term of imprisonment from August 2002 to May 18, 2010, at which time he was returned to federal authorities to serve his federal sentence. (ECF No. 125 at 2; ECF No. 127 at 3.)

By his motion, Wallace asks the Court to recommend that the Bureau of Prisons (BOP) designate the TDCJ facility, where he served his state sentence, as the place where he will also serve his federal sentence, so that his state and federal sentences will run concurrently. (ECF Nos. 123, 125.) The Government objects and requests that the Court not encourage the BOP to designate Wallace's state sentence as having run concurrently with his federal sentence. (ECF No. 131.) Specifically, the Government argues: (i) Wallace's state sentence was for conduct unrelated to his federal charge; (ii) the sentencing court did not order concurrent sentences; (iii) the goals of the criminal justice system go against his sentences running concurrently; and (iv) he does not satisfy the conditions necessary to warrant a reduction that the time he spent in state custody be counted toward his federal sentence. The Court addresses these arguments below

## II.

"Only the Attorney General, through the BOP, may compute a prisoner's credits." *Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010). When a federal sentence is imposed prior to a state sentence, the BOP may credit the prisoner for time served in state prison by designating nunc pro tunc the state prison as the place where he will serve a portion of his federal sentence. *Id*. When an inmate requests such a designation, BOP will contact the

sentencing court to inquire whether the court has any objections. BOP Program Statement 5160.05, ¶ 9(b)(4)(c).

## 1. Unrelated Conduct

Wallace's federal sentence should be served consecutive to his state sentence because it was imposed for conduct that was unrelated to his federal charges.

"[T]he default rule [is] that totally unrelated crimes should ordinarily receive distinct punishment." *United States v. Valdez*, 726 F.3d 684, 698 (5th Cir. 2013) (quoting *United States v. Woods*, 440 F.3d 255, 260 (5th Cir. 2006)). Moreover, "consecutive sentencing is an appropriate mechanism for imposing distinct punishment for separate criminal acts, and that a defendant has no right to have concurrent sentences imposed for two totally unrelated offenses." *United States v. Olivares-Martinez*, 767 F.2d 1135, 1137 (5th Cir. 1985) (internal citation omitted).

Under the Sentencing Guidelines, the Court is encouraged to impose concurrent sentences if a state term of imprisonment is expected to result from another offense that is relevant conduct to the instant offense of conviction. U.S.S.G. § 5G1.3(c). On the other hand, if a defendant was on federal or state probation, parole, or supervised release at the time of the instant offense, and has that probation, parole, or supervised release

4

revoked, U.S.S.G. § 5G1.3(d) should apply, and the Sentencing Commission recommends that the sentence imposed for the instant offense run consecutive to the sentence imposed for the revocation. U.S.S.G. § 5G1.3 App. Note 4(C). Wallace's state charge for unlawful possession of a firearm by a felon, his state offense stemming from the relevant conduct to his federal offense, was ultimately dismissed by the state court. His state sentence was the result of the violation of terms of his deferred adjudication probation for conduct that was unrelated to his federal charges. Therefore, U.S.S.G. § 5G1.3(d) is applicable to Wallace's case, and his state and federal sentences should run consecutively.

## 2. District Court Judgment

Wallace's state and federal sentences should also be served consecutively because the District Court did not order that Wallace's sentence should run concurrently with any other state or federal sentence.

"Well-settled federal law presumes that when multiple terms of imprisonment are imposed at different times, they will run consecutively *unless* the district court specifically orders that they run concurrently." *Free v. Miles*, 333 F.3d 550, 553 (5th Cir. 2003); *accord* 18 U.S.C. § 3584(a).

Here, Wallace's federal sentence was imposed before his state sentence, and the two convictions are unrelated. Wallace's federal judgment

is silent on the issue. *See* ECF No. 49. Therefore, his federal sentence should run consecutive to his previously served state sentence.

### 3. Section 3553(a) Factors

Wallace's federal and state sentences should run consecutively to reflect the seriousness of his offense and criminal history, deter him from criminal conduct, and protect the public.

Under 18 U.S.C § 3553, the Court considers the following factors in determining the particular sentence to be imposed: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, deter criminal conduct, protect the public, and provide educational and other treatment to defendant; (3) the kinds of sentences available; (4) the kinds of sentence and sentencing range established by the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among similarly-situated defendants; and (7) the need to provide restitution to any victims. U.S.S.G. § 3553(a).

Here, the nature and circumstances of Wallace's federal offense are disturbing. On August 21, 2002, Wallace was discovered within 200 feet of an elementary school in Mesquite, Texas. PSR ¶ 8. He was armed with a .38-

caliber revolver and items comprising a "rape kit"—a pair of hand cuffs, rubber surgical gloves, a rope, a hook bladed knife, and a sexual device—pictures cut from adult magazines, and sexually explicit notes about girls and women he had observed with their license plate numbers. PSR ¶¶ 8-12. Wallace admitted that the purpose of getting the license plate numbers was to look up the girls' and women's addresses. PSR ¶ 12. He resisted law enforcement when they tried to disarm him. PSR ¶¶ 10-11. This behavior, coupled with Wallace's extensive criminal history, demonstrates that he is a danger to the community. PSR ¶¶ 42-57. In addition, consecutive sentences are appropriate to reflect the seriousness of his federal offense, to properly deter him from offending again when he is released, and to protect the community. *See* 18 U.S.C. § 3553(a)(2).

### III.

For the foregoing reasons, the Court should not recommend that the BOP credit Wallace's federal sentence for the time he spent in state prison, and the Court should DENY Wallace's motion.

Signed December 11, 2020.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).